P. GOLDSMITH ET AL., APPELLANTS, *v.* THE REVENUE CUTTER, RESPONDENT.

PROCESS CANNOT TAKE UNITED STATES PROPERTY.—The government of the United States cannot be sued in the courts, nor can its property be taken from its possession under their process, without its consent expressly given by an act of congress.

WAIVER—PLEADING TO THE MERITS.—The government of the United States did not waive its exemption from the jurisdiction and process of the courts by pleading to the merits.

APPEAL from Multnomah County.

On November 13, 1876, the appellants filed a complaint against the vessel known as the Revenue Cutter, to enforce an alleged lien upon said vessel for the sum of one thousand seven hundred and seventy-eight dollars and thirty-five cents, arising out of the furnishing of labor and materials used in the original construction of said vessel at the request of the Oregon Iron Works. On November 14, 1876, the revenue cutter was arrested under warrant, by the sheriff of Multnomah county. On December 5, 1876, the United States made claim of the vessel, and filed an answer to the merits; the answer contains no plea in abatement. On December 7, 1876; the defendant was released from arrest upon stipulation by the secretary of treasury to the effect that the United States would pay any judgment that might be given against the vessel, pursuant to sections 3753 and 3754 of Rev. Stats. of the United States.

The cause was tried by his Honor Judge Shattuck, upon stipulation of the parties and the evidence offered and allowed by the court, and the court found:

1. That the said revenue cutter, continuously since November 2, 1876, had been in charge and possession of Capt.

J. W. White and Lieut. J. Brown, officers of the United States, or of men employed by them, or one of them on behalf of, and in the service of, the United States.

2. That the said revenue cutter was, at the time of the said seizure by the sheriff, under process from this court in this cause, in the actual charge and possession of a servant of the United States, acting under direction and orders of the aforesaid officers of the United States, and the said vessel was used by said officers for storage and safe keeping of divers articles of property belonging to the United States, and in no way connected with or part of the alleged contract with the Oregon Iron Works.

3. That the watchman of the Oregon Iron Works remaining at night on board of said revenue cutter between the second and fourteenth of November, 1876, was subject to the orders and control of said officers of the United States.

The conclusion of law found were as follows: That the plaintiff have a lien as material men and laborers, as alleged in the complaint, the amount of which lien should be ascertained before enforcement could be had. That by reason of the property and possession of the United States, of and in said revenue cutter, at the time of the alleged seizure by the sheriff of Multnomah county, said lien cannot be enforced in this proceeding against said revenue cutter, or against the United States. That the United States is entitled to judgment upon its plea and claim herein, and that the prayer of the plaintiff should be denied.

*J. H. Woodward and David Goodsell,* for appellant.

*Rufus Mallory, U. S. District Attorney, and Hill, Durham & Thompson,* for respondent.

By the Court, WATSON, J.:

One of the findings of fact of the court below, is that the Revenue Cutter, defendant, was and for some time prior to the commencement of this action had been continuously in the charge and possession of Captain J. W. White and Lieutenant J. Brown, officers of the United States, or of men employed by them, or one of them on behalf of and in

the service of the United States, and that it was at the time of its seizure by the sheriff, under the warrant issued in this action, in the actual charge and possession of a servant of the United States, acting under the direction and orders of said officers; and that the watchman of the Oregon Iron Works, who remained on board the vessel at night from the second to the fourteenth of November, 1876, was subject to the orders and control of those officers.

We think that these findings of fact are equivalent to finding that at the time of the commencement of this action and the seizure of the vessel the government of the United States was, by its officers and servants, in the possession of the vessel. We are further of the opinion that such possession was sufficient to exempt the property from the process of the courts of this state.

It came clearly within the principle announced in the *case of the Davis*, 10 Wall. 15. We quote from the opinion in that case the definition of a possession by the government of the United States, which will exempt property from the process of the courts. "The possession which will do this must be an actual possession, and not that mere constructive possession, which is very often implied by reason of ownership under circumstances favorable to such an implication. We are speaking now of a possession which can only be changed, under the process of the court by bringing the officer of the court into collision with the officer of the government, if the latter should choose to resist. The possession of the government can only exist through some of its officers, using that phrase in the sense of any person charged on behalf of the government with the control of the property coupled with its actual possession. This, we think, is a sufficiently liberal definition of the possession of property by the government to prevent any unseemly conflict between the courts and the other departments of the government, and which is consistent with the principle which exempts the government from suit and its possession from disturbance by judicial process."

We think that the findings of fact in this case clearly show that the officers of the United States were, at the time

of the seizure of the revenue cutter, in such an actual and rightful possession of the vessel that, had they chosen to resist, a collision would have resulted between them and the officers of the court.

The United States cannot be sued in the courts, nor can its property be taken from its possession by process issued by the courts without its consent expressed by a law enacted by congress. (*Briggs* v. *Light Boats*, 11 Allen, 157.) It is contended by counsel for appellants that the exemption of the government of the United States from suit in the courts is in the nature of a personal privilege, and must be pleaded in abatement, and that the United States having pleaded to the merits cannot thereafter raise the question. We cannot assent to this doctrine.

The exemption of the government from being sued in the courts without its consent is an attribute of its sovereignty, and its consent to be sued must be shown by some act of congress expressly to that effect. In the case of *United States* v. *Clarke*, 8 Pet. 444, Chief Justice Marshall said: "As the United States are not suable of common right, the party who institutes such suit must bring his case within the authority of some act of congress, or the court cannot exercise jurisdiction over it."

We are aware that the learned judge of the United States district court for this district has, in a proceeding to enforce a lien under the state law upon the same vessel, defendant in this action, rendered a decision which might at first view seem adverse to the views which we have herein expressed. (*The Revenue Cutter*, the United States claimant, decided in U. S. Dist. Ct. for Oregon, Jan. 2, 1878.) We have carefully examined the opinion in that case, and find nothing in it adverse to the views of the law which we herein express. The court in that case found the facts in regard to the possession of the United States differently from the findings of the court below. It found that the United States at the time of the seizure was not in the rightful possession of the vessel.

We have repeatedly decided that under our statute, the findings of fact of the court below, like the special verdict

of a jury, are not reviewable here. It is not for us to express any opinion as to the correctness of the findings of fact of the court below, in regard to the possession of the vessel.

We are governed by those facts as presented by the findings. Had the United States district judge found that the United States was in the actual possession of the vessel at the time of the seizure, we are satisfied from the reasoning used by him, that he would have arrived at the same conclusion of law as we herein announce. The notice of appeal contains a number of assignments of error, but we think that all of any importance are disposed of by the views already announced.

The decision of the court below dismissing the complaint, was correct, and the judgment must be affirmed.